**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4952**

———————

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

DONALD JOHNSON, SR.,

          Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas David Schroeder, District Judge. (1:11-cr-00017-TDS-1)

———————

Submitted: April 24, 2012        Decided: April 30, 2012

———————

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Lisa Blue Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald Johnson, Sr., appeals his conviction and fifty-seven month sentence after pleading guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a) (2006). Counsel for Johnson filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning the reasonableness of Johnson's sentence. Johnson was informed of his right to file a pro se supplemental brief, but has not done so. The Government has chosen not to file a brief. We affirm.

This court reviews Johnson's sentence for reasonableness, applying the abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This requires consideration of both the procedural and substantive reasonableness of the sentence. Id.; United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). After determining whether the district court correctly calculated Johnson's advisory Guidelines range, this Court must decide whether the court considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. Lynn, 592 F.3d at 575-76; United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). If the sentence is free of significant procedural error, this court reviews the substantive reasonableness of the sentence. Lynn,

2

592 F.3d at 575; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

After thoroughly reviewing the record, we conclude that Johnson's guilty plea was knowing and voluntary and that the district court complied with Rule 11 in accepting the plea. We therefore affirm Johnson's conviction. As for Johnson's sentence, we conclude that the district court correctly calculated the Sentencing Guidelines range and appropriately applied the § 3553(a) factors. The sentence is thus procedurally reasonable. Further, we conclude that Johnson's within-Guidelines sentence is substantively reasonable. See United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007) (a sentence within the applicable Guidelines range is presumed reasonable on appeal). Counsel's assertions are not sufficient to rebut this presumption. We therefore affirm Johnson's sentence.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We thus affirm Johnson's conviction and sentence. This court requires that counsel inform Johnson, in writing, of the right to petition the Supreme Court of the United States for further review. If Johnson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

representation. Counsel's motion must state that a copy thereof was served on Johnson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED